IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| Renick H. Orr, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  10-CV-1123 |
| | ) | |
| The Knapheide Manufacturing Co., | ) | |
| | ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Defendant moves under Fed. R. Civ. P. 12(b)(6) to dismiss Count II of the Plaintiff's complaint—a claim for intentional spoliation of evidence—on the grounds that Illinois does not recognize the tort.[1]  Also before the Court is Plaintiff's request that his Complaint be deemed filed as of April 30, 2010, due to the electronic filing system's purported refusal to accept his Complaint on that date.   For the reasons below, the Court recommends that the motion to dismiss be granted and that Plaintiff's request be denied.

### Legal Standard

---

[1]Count I of Plaintiff's Complaint alleges negligence in the spoliation of evidence.

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and must give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776-77 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)(other citation omitted). The "' . . . allegations, [must] show that it is plausible, rather than merely speculative, that [the plaintiff] is entitled to relief.'" Tamayo v. Blagojevich, 526 F.3d 1074, 1083 (7th Cir. 2008)(quoted and other citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), *citing* Twombly, 127 S.Ct. 1955. [2]

---

[2] The Court has not considered the depositions attached to Defendant's reply.

## Allegations

On May 1, 2008, Plaintiff was working for Defendant as an auto body painter. That day, he was seriously injured in an "accident involving a ladder that has also been described as an industrial step stool or a rolling set of steps . . . ." (Complaint ¶ 2). Apparently Plaintiff was working from the top step or platform of the ladder, which had no railing, and he fell off. (Complaint ¶¶ 2, 21(b)-(c)).

Defendant's Worker's Compensation Manager investigated the accident. The day after the accident, acting under the instructions of the Worker's Compensation Manager, one of Defendant's employees intentionally "destroyed the ladder when he 'took it out to the trash compactor, and crushed it so it wouldn't get used again.'" (Complaint ¶ 14). The ladder was not tested or photographed before it was destroyed, nor was Plaintiff informed that it would be destroyed. The Manager, based on his experience with Illinois worker's compensation, allegedly should have foreseen that the ladder would be material evidence in a potential civil action against the ladder's seller and/or manufacturer. (Complaint ¶ 11). None of Defendant's employees are able to identify the manufacturer or seller of the ladder. Plaintiff alleges that, "[b]ut for Defendant's loss or

destruction of the evidence, the plaintiff had a reasonable probability of succeeding in a products liability suit against the seller and manufacturer." (Complaint ¶ 21).

## Analysis

Plaintiff filed this action based on diversity jurisdiction, alleging one count of negligence and another count for intentional spoliation. It is the latter count at issue here.

**I. Intentional Spoliation**

In Boyd v. Travelers Ins. Co., 166 Ill.2d 188, 194 (1995), the Illinois Supreme Court held that "[a]n action for negligent spoliation can be stated under existing negligence law without creating a new tort." The plaintiff in that case was injured on the job by a propane heater that exploded. He filed a worker's compensation claim, and the worker's compensation insurer took possession of the heater for investigation. Later, the insurer was unable to locate the heater. The plaintiff sued the insurer for negligent spoliation of evidence and for "willful and wanton spoliation." In the same suit, the plaintiff pursued products liability and negligence actions against the manufacturer of the heater.

The Illinois Supreme Court reasoned that:

> The general rule is that there is no duty to preserve evidence; however, a duty to preserve evidence may arise through an agreement, a contract, a statute . . .[citation omitted] or another special circumstance. Moreover, a defendant may voluntarily assume a duty by affirmative conduct. . . [citation omitted]. In any of the foregoing instances, a defendant owes a duty of due care to preserve evidence if a reasonable person in the defendant's position should have foreseen that the evidence was material to a potential civil action.

166 Ill.2d at 195. The Illinois Supreme Court concluded that the plaintiff had adequately pled a duty to preserve the heater, a breach of that duty, damages and causation. 166 Ill.2d at 195-197. Causation was alleged because Plaintiffs "were . . . deprived of the key piece of evidence in their products liability lawsuit against [the manufacturer]—the product itself." Id. at 197. Damages were adequately alleged by Plaintiffs' theory that the heater's absence caused them to be unable to prove a meritorious products liability claim. Id. at 198. The negligent spoliation claim was allowed to proceed at the same time as the products liability claim. Id.

The Boyd Court then turned to the plaintiff's claim for "willful and wanton" spoliation, which the plaintiffs had characterized as a tort for intentional spoliation of evidence. The Court declined to decide whether

such a tort might be hypothetically viable, because the allegations did not support a claim for intentional spoliation in any event:

> Before concluding, we address plaintiffs' claim regarding count II. Plaintiffs label count II as "willful and wanton," but state in their brief that this tort is akin to the tort of intentional spoliation of evidence. They then ask this court to recognize intentional spoliation of evidence as a new tort. Even if we were inclined to do so, count II of plaintiffs' complaint fails for factual insufficiency. Plaintiffs' complaint alleges only that Travelers' agent placed the heater in a closet, and that it later could not be found. It may not be inferred from these allegations that Travelers intentionally destroyed or misplaced the heater. Therefore, count II fails to state a cause of action for intentional spoliation of evidence.

166 Ill.2d at 201; *see also* Dardeen v. Kuehling, 213 Ill.2d 329, 335 (2004)("*Boyd* remains our watershed pronouncement on spoliation of evidence. In *Boyd*, we declined to recognize spoliation of evidence as an independent tort and instead held that a spoliation claim can be stated under existing negligence principles.")

There have been no further pronouncements from the Illinois Supreme Court about the viability of a tort action for intentional spoliation.[3]

---

[3] Other remedies for the intentional destruction of evidence during litigation have been recognized, such as sanctions against the destroying party. "[A] potential litigant owes a duty to take reasonable measures to preserve the integrity of relevant and material evidence. This duty is based on the court's concern that, were it unable to sanction a party for the presuit destruction of evidence, a potential litigant could circumvent discovery rules or escape liability simply by destroying the proof prior to the filing of a complaint." Shimanovsky v. General Motors Corp., 181 Ill.2d 112 (1998)(trial court could impose party's sanction for destructive testing of evidence, but sanction of

In the absence of a statement by the Illinois Supreme Court or the Illinois appellate courts, a federal court sitting in diversity "must 'determine the issues presented herein as we believe the [Illinois] courts would under the circumstances.'" Trytko v. Hubbell, Inc., 28 F.3d 715 (7th Cir. 1994).

The parties do not cite, nor did the Court find, an Illinois Appellate Court case that expressly recognizes a tort for intentional spoliation. The Illinois Appellate Court cases that the Court did find only acknowledge that the tort has not been recognized. *See, e.g.,* Jones v. O'Brien Tire and Battery Service Center, Inc., 374 Ill.App.3d 918, 936 (5th Dist. 2007)(upholding denial of motion to add intentional spoliation claim, finding that it was an open question whether action would be recognized and that the party had unduly delayed bringing the motion, given "complexity and novelty of the issue involved and the proximity of the trial date"); Cangemi v. Advocate South Suburban Hosp., 364 Ill.App.3d 446 (1st Dist. 2006)("Plaintiffs cite to no case that specifically recognizes intentional spoliation of evidence as a tort in Illinois. Neither have we found such an Illinois case.")(concluding that even if intentional spoliation tort existed, no

---

dismissal was too harsh); American Family Mutual Ins. Co., 2009 WL 982788 *4 (N.D. Ill. 2009)("Spoliation sometimes permits, but rarely if ever requires, the ultimate sanction of dismissal of the case against the plaintiff or entry of default judgment against the defendant.")(not reported in F.Supp.2d). Those remedies are not apt here.

claim was stated on facts alleged); Kelly v. Sears Roebuck & Co., 308 Ill.App.3d 633, 648 (1999)(even if intentional spoliation tort existed, no claim stated on facts alleged).

In Borsellino v. Goldman Sachs Group, Inc., 477 F.3d 502, 510 (7th Cir. 2007), the Seventh Circuit refused to analyze intentional and negligent spoliation claims differently, noting that:

> At the outset, we note that the plaintiffs brought their spoliation charges in two separate claims-one for intentional spoliation of evidence and one for negligent spoliation. The Supreme Court of Illinois has emphasized, however, that the state does not recognize a tort of intentional spoliation of evidence, and that negligent spoliation is not itself an independent tort but rather a type of negligence. Boyd v. Travelers Ins. Co., 166 Ill.2d 188, 209 Ill.Dec. 727, 652 N.E.2d 267, 269-70 (1995); see Cangemi v. Advocate S. Suburban Hosp., 364 Ill.App.3d 446, 300 Ill.Dec. 903, 845 N.E.2d 792, 815 (2006) . . . . We thus analyze the two charges of spoliation as an ordinary negligence claim, which to prevail will eventually require showing a duty (in this case to protect documents), a breach of that duty, causation, and damages. Boyd, 209 Ill.Dec. 727, 652 N.E.2d at 270.

In Borsellini, however, the plaintiff failed to produce any evidence of negligent spoliation, much less intentional spoliation. 477 F.3d at 510. Borsellini therefore does not necessarily stand for the proposition that an intentional spoliation tort would never be recognized by Illinois courts. Similarly, in Anthony v. Security Pacific Financial Servs., Inc., 75 F.3d 311 (7th Cir. 1996), the Seventh Circuit stated that Illinois' failure to recognize

an intentional spoliation tort precluded consideration of that claim for purposes of considering recoverable damages, but the Court went on to say that there were no allegations to support the claim anyway. 75 F.3d at 317 ("We obviously cannot say that punitive damages are recoverable as a matter of state law on a cause of action not recognized by that state's highest court[,]").

A few cases from the Northern District of Illinois have concluded that the Illinois Supreme Court would recognize an intentional spoliation tort in the right factual scenario. <u>Broadnax v. ABF Freight Systems, Inc.</u>, 1998 WL 140884 (N.D. Ill. 1998, Magistrate Judge Bobrick)(intentional spoliation claim existed, but was insufficiently pled)(not reported in F.Supp.); <u>Welch v. Wal-Mart Stores, Inc.</u>, 2004 WL 1510021 (N.D. Ill. 2004, Magistrate Judge Mahoney)(intentional spoliation claim stated where the plaintiff alleged that employees watched videotape of accident and then deliberately disposed of the videotape to hinder the plaintiff's action)(not reported in F.Supp.2d); <u>Williams v. General Motors Corp.</u>, 1996 WL 420273 (N.D. Ill. 1996, Judge Grady)(intentional spoliation claim stated where defendant allegedly took steps to obtain van after lawsuit filed and defendant agreed to preserve van, but parts were later missing)(not

reported in F.Supp.). As Judge Grady aptly observed in Williams, "It would make no sense, after all, for the court to hold a defendant liable for its merely negligent conduct but not for intentional conduct that resulted in the same harm." 1996 WL at *3. These cases, however, came down before the Seventh Circuit's statements in Borsellini. One post-Borsellini Northern District case has cited Borsellini to conclude that "Illinois law does not recognize a tort of intentional spoliation of evidence . . . ." Gerard v. Conagra Foods, Inc., 2010 WL 1710820 (N.D. Ill. 2010, Judge Pallmeyer)(not reported in F.Supp. 2d)(granting summary judgment to defendant on claim construed as negligent spoliation claim).

Some other federal district court cases have dismissed the intentional spoliation claim, but have allowed a negligent spoliation claim to encompass what might arguably fit as an intentional spoliation claim. For example, in Stoner v. Wal-mart Stores, Inc., 2008 WL 3876077 (C.D. Ill., 2008)(Magistrate Judge Gorman), the court dismissed an intentional spoliation claim because Illinois courts had not recognized the tort, but allowed a negligent spoliation claim to proceed on allegations that store managers secured a video recording of the plaintiff's fall, but later intentionally taped over crucial portions of that recording. Similarly, in

Richardet v. Murdale, 2008 WL 4671498 (S.D. Ill. 2008)(not reported in F.Supp.2d), a company that owned a truck which had been involved in an accident towed the truck and then directed its destruction, despite knowing that a lawsuit was likely and that the truck would be important evidence.

 Boyd, Borsellini, and the lack of post-Borsellini cases allowing intentional spoliation claims to proceed lead the Court to conclude that Illinois courts would not recognize the tort of intentional spoliation on the facts alleged here.  Plaintiff alleges that Defendant destroyed the ladder in order to prevent anyone else from getting hurt, and that Defendant knew or should have known that the ladder would be important evidence in a potential action against the ladder's manufacturer.  These allegations fit under a negligent spoliation claim, in the Court's opinion.  Plaintiff does not explain how his intentional spoliation claim is any different from the negligent spoliation claim already proceeding: both rely on the same elements of duty, breach, causation and damages set forth in Boyd.  The intentional spoliation claim seeks punitive damages, but it relies on the same factual allegations as the negligence claim.

In short, there may be a factual scenario in which an intentional spoliation claim will be recognized by Illinois courts, but this is not it. As the Illinois Supreme Court stated in Dardeen v. Kuehling, 213 Ill.2d 329, 335 (2004), "*Boyd* remains our watershed pronouncement on spoliation of evidence. In *Boyd*, we declined to recognize spoliation of evidence as an independent tort and instead held that a spoliation claim can be stated under existing negligence principles." This Court sees no support in Illinois law for recognizing a new tort of intentional spoliation when the plaintiff's spoliation claim is already covered by the general negligence principles set forth in Boyd.

## II. Filing Date of the Complaint

According to the declaration of Plaintiff's counsel (d/e 4), he attempted to file the Complaint in this case on Friday, April 30, 2010, using the Court's electronic filing procedures. When it came time to upload the Complaint, "[t]he Internet browser showed a progress bar indicating some progress was being made in uploading the files, but then the system simply stopped." (d/e 4, para. 4). No error message was given. Repeated attempts to upload the Complaint using different browsers and different computers were unsuccessful on Friday and over the weekend. Plaintiff's

counsel believes that the problem was with the Court's system, because that same day he was able to file a response electronically in Ohio using Ohio's ECF system. (d/e 4, para. 4). Plaintiff's counsel called the clerk's office on Monday morning, May 3, 2010, and paid the filing fee by credit card, but he asserts that he was still unable to electronically file the Complaint that day. The docket shows that the Complaint was filed by the clerk on May 3, 2010, at 11:42 a.m.. The docket also shows that the case was assigned to Judge Mihm on April 30, 2010, but that text order was entered by the clerk on May 3, 2010.

Plaintiff requests that the Complaint be deemed to have been filed on April 30, 2010, to avoid any potential problems with the statute of limitations. Defendants object, citing various provisions of Local Rule 5 and 5.7 which specify when a Complaint is deemed filed and defining a technical failure of the electronic filing system. Specifically, the clerk's office is in "technical failure" if its electronic site:

> is unable to accept filings continuously or intermittently over the course of any period of time greater than one hour after 10:00 a.m. that day. In the event a technical failure occurs, and despite the best efforts of the filing party a document cannot be filed electronically, the party should print (if possible) a copy of the error message received. As soon as possible, the party should file this message with a Declaration the Party Was Unable to File in a Timely Manner Due to Technical Difficulties.

CDIL Local Rule 5.7(D)(2)(a).  "Problems on the filer's end, . . . will neither constitute a technical failure nor excuse an untimely filing."  CDIL Local Rule 5.7(D)(2)(b).

Plaintiff's assertion that the technical problem was on the court's end is not corroborated by the electronic system records, because others were able to file complaints electronically that day.  Specifically, two cases were initiated electronically in the Central District of Illinois on April 30,2010, one of them in Peoria: Sokn v. Fieldcrest Community Unit School District No. 6, 10-1122 (Peoria Division)(electronically filed at 4:44 p.m. on April 30, 2010); *see also* Seneff v. ACS Companies, Inc., 10-3100 (Springfield Division)(electronically filed at 12:47 p.m. on April 30, 2010).  Additionally, the system shows the electronic initiation of two cases on May 3, 2010. Perry v. Transamerica Life Ins. Co., 10-3104 (Springfield Division)(notice of removal electronically filed at 4:08 p.m. on May 3, 2010); and Hokanson v. Consumer Recovery Associates LLC, 10-2097 (Urbana Division) (Complaint filed electronically at 4:16 p.m. on May 3, 2010).   This Court also asked the Central District's Director of Information Services, who reports no knowledge of any problem with the court's electronic filing

system during the time Plaintiff was trying to upload the complaint (April 30, 2010 - May 3, 2010).

In any event, Plaintiff essentially asks for a premature ruling that his case is timely. Defendant has not raised any statute of limitations issue by motion, nor does its Answer identify a statute of limitations defense based on the two-year statute of limitations.[4] The spoliation occurred May 2, 2008. Plaintiff contends that a five year statute of limitations applies, which would easily be met here. (d/e 4, p. 3). Further, Plaintiff seems to recognize that, even if a two-year statute of limitations applies, two years from the date of the spoliation would be May 2, 2010, which fell on a Sunday, arguably making May 3, 2010 the last day to file. *See* Fed. R. Civ. P. 6(a)(1)(C). The Court stresses that it is not making any recommendation on whether Plaintiff's claims are barred by the statute of limitations. The Court is only pointing out that the issue may never need to be decided. The Court will therefore recommend that Plaintiff's request be denied.

WHEREFORE, the Court RECOMMENDS that Defendant's Motion to Dismiss be granted and that Count II (the intentional spoliation claim) be

---

[4] The Answer does assert that a products liability action would be time-barred, but that is a different question. (d/e 9, Second Affirmative Defense).

dismissed (d/e 11). The Court further recommends that Plaintiff's request to have the Complaint be deemed filed as of April 30, 2010, be denied.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after ECF service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER: October 26, 2010

_____s/ Byron G. Cudmore_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE