# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RENICK ORR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-1123 |
| ) | |
| THE KNAPHEIDE MANUFACTURING ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## **O R D E R**

On October 26, 2010, a Report & Recommendation was filed by Magistrate Judge Byron G. Cudmore in the above captioned case. More than fourteen (14) days have elapsed since the filing of the Report & Recommendation, and no objections have been made. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); *Lockert v. Faulkner*, 843 F.2d 1015 (7th Cir. 1988); *and Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986). As the parties failed to present timely objections, any such objections have been waived. *Id.*

The relevant procedural history is sufficiently set forth in the comprehensive Report & Recommendation of the Magistrate Judge. To summarize, Plaintiff has brought this litigation alleging that Defendant's destruction of evidence - a ladder - caused Plaintiff to be unable to prove what he believes to be a valid, underlying cause of action because without the ladder Plaintiff is unable to identify the manufacturer or seller of the ladder. Plaintiff has brought one claim for negligence and one claim for intentional spoliation as a result of Defendant's destruction of the ladder. Plaintiff's claim of intentional spoliation is the subject of Defendant's instant Motion to

Dismiss. Additionally, Plaintiff requests that his case-initiating documents be deemed to have been filed on April 30, 2010. He filed a Declaration[1] with the Court in which he stated that he was unable to file in a timely manner due to technical difficulties. Defendant filed an Objection to Plaintiff's Declaration and Plaintiff filed a Reply thereto.

The Court concurs with the recommendation that Plaintiff's claim of intentional spoliation be dismissed given the conclusion that the Court sees no support in Illinois law for recognizing a new tort of intentional spoliation. The Court further concurs with the recommendation that Plaintiff's request to have the Complaint be deemed filed as of April 30, 2010, be denied. As the Magistrate Judge explained, Plaintiff is asking for a premature ruling that his case is timely, though Defendant has not raised a statute of limitations issue in either its Motion to Dismiss or in its Answer.

Accordingly, the Court now adopts the Report & Recommendation [#18] of the Magistrate Judge in its entirety. Defendant's Motion to Dismiss [#11] is GRANTED. Plaintiffs' Count II (Intentional Spoliation) is DISMISSED and his request to have the Complaint be deemed filed as of April 30, 2010, is DENIED. This matter is referred to the Magistrate Judge for further proceedings.

ENTERED this 29th day of November, 2010.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge

---

[1] Plaintiff's Declaration, filed on May 3, 2010, is Docket Entry 3. That same day, he filed an Amended Declaration, Docket Entry 4, explaining that it was amended only to attach exhibits that were inadvertently omitted from the original Declaration he filed.